Wanamaker, J.
In the case of Williams v. Scudder, 102 Ohio St., 305, 131 N. E., 481, this court unanimously held that Section 1270, General Code, and the following sections, a,s parts thereof, and also an act of the General Assembly passed April 27,1915,106 Ohio Laws, 202-204, now Sections 1274-1 to 1274-7, General Code, are all valid statutory provisions and violate no provision of the Constitution. Proceedings in error were prosecuted in the Supreme Court of the United States, which proceedings were there dismissed.
We have no disposition to reopen this question. The only questions here, worthy of consideration, are such as arise under the reorganization act of 1921, known as the Administrative Code, found in volume 109 Ohio Laws, pp. 105 to 135, inclusive.
It is claimed that by virtue of the Administrative Code, the state medical board is without right to *425 establish standards as to preliminary education of applicants for license, and otherwise, and. that the Code vests the power which the board theretofore had in the department of education; that the department of education has so far failed or refused to take action to delegate any of its power under the Administrative Act necessary to vest such state medical board with proper power in the premises in the matter of examining the plaintiffs in their class.
It is urged that the act in question, particularly page 122 thereof (Section 154-46, General Code), lays down the mandatory law concerning the prior powers of the Ohio state medical board, which, by virtue of the provisions of the act, are now vested solely in the department of education. The language of the act relied on to sustain this contention is:
“It shall be the duty of the department of education to recommend standards as to preliminary education; to recommend methods of determining the standard Of professional schools and colleges; to recommend methods of conducting examinations and hearings; and to recommend methods of enforcing the laws which they are respectively required to administer.”
It is said that this language relates to seven different boards, included among which is the “state medical board.”
It is impossible to draw from this language any purpose to cut down the previous power of the Ohio state medical board, for it appears that the department of education, which is the department to which the state medical board is now attached under the *426 Administrative Act, has merely the power or duty “to recommend” standards, methods, etc. It is not obligatory upon the state medical board to follow such recommendations.
The following portion of Section 154-46, General Code, seems decisive of the proposition that there was no purpose in the reorganization act to in any wise lessen or impair the powers theretofore vested in the Ohio state medical board:
“The following boards and committees shall be attached to the department of education:
“The state board of accountancy, the state medical board, the nurses examining committee, the state board of optometry, the state board of pharmacy, the state dental board and the state board of embalming examiners.”
Following this provision this language appears: “Such boards and their officers shall continue to exercise their functions as heretofore.”
It would be almost an insult to human intelligence to say that this language means anything else than just exactly what it says. The old statutes furnished the measure of the power of the various boards and were in no wise changed.
Following this language this provision appears: “It shall be the duty of the department of education to recommend standards,” etc.
Later on this language is found:
“Such boards are hereby severally authorized to delegate to the department of education any of the powers or duties in them vested by law with respect to the matters and things concerning which the department is herein directed to make recommendations; and the department of education is hereby *427 authorized and required to exercise any such power or perform any such duty so delegated with like effect in law as if the same had been exercised by the board so delegating such power. Nothing in this chapter shall be so construed or applied as to compel the delegation of any such powers or duties.”
It has been urged in brief and argument that such optional delegation, or, indeed, any delegation, of power, is unauthorized and unconstitutional. It is unnecessary, however, to pass upon this question, because it appears under the record that no power bas been delegated under this act nor any attempt made to delegate the same. The Ohio state medical board has been operating since enactment of the Administrative Code, so far as this record shows, in the identical manner and according to the same methods and under the same statutes that it operated before.
Ve find nothing in the Administrative Act in any wise finally modifying or substantially changing the powers of the Ohio state medical board as they existed prior to the Administrative Code. We find nothing in the Administrative Act, touching the Ohio state medical board, which in any wise raises a debatable constitutional question.
Defendants in error complain that an action in equity does not lie. Obviously, an action in equity cannot lie so long as there is adequate remedy at law. The statutes of Ohio touching the powers of the Ohio state medical board with regard to examinations have been involved in numerous adjudications, and this court has upheld the right of a hearing before the board, and of appeal to the courts for *428 any wrongful act done to any applicant for examination or to any practitioner or chiropractic. There being a full and adequate remedy at law, there is no right to an action in equity by way of injunction.
Again it is urged by the defendants in error that, even if this were a proper action in equity, such action from its very nature and purpose could not be brought as a class suit. It is self-evident, under the statutes pertaining both to the preliminary qualifications of a general educational nature and the professional qualifications to practice medicine either under the general medical act or the medical limited act, that each applicant must stand upon his own qualifications, dependent solely upon the facts and circumstances of his own case.
We find under the record that the plaintiffs have not capacity to sue in the relation that they have assumed; that this is not properly and legally a class suit; and that the petition as such was rightfully dismissed.
Defendants further complain that this suit was not lawfully brought in Hamilton county; that the defendants are each and all in their official relations residents of Franklin county; and that the Ohio state medical board has its offices in Franklin county.
This question seems to be clearly settled by Section 11271, General Code:
“Actions for the following causes must be brought in the county where the cause of action or part thereof arose. * * *
“2. Against a public officer, for an act done by *429 him in virtue or under color of his office, or for neglect of his official duty.” i
It is hardly necessary to observe that these public officers against whom suit is brought in their official relation officially reside in Franklin county, and their official duties are administered from that office, and that Franklin county is the proper county, under the record in this case, in which to bring such suit.
Many other errors are complained of, but in view of numerous former decisions of this court it is unnecessary to enlarge upon them.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.